**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIE LEDET, JR. ) | 3:06-CV-00179-LRH (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| GIBSON, ET AL., ) | |
| Defendants. ) | January 26, 2007 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant Mike Keating ("Keating")'s motion to dismiss (#19). Plaintiff opposed (#37) and Keating replied (#38). The court has thoroughly reviewed the record and the motions and recommends that Keating's motion to dismiss (#19) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Willie Ledet ("plaintiff") is a prisoner at Nevada State Prison ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (#4). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment Right against unlawful search and seizure, his Eighth Amendment right prohibiting cruel and unusual punishment, and his Fourteenth Amendment right to due process. *Id*. Plaintiff names as defendants Reno Police Department detectives S. Gibson, M. Keating, B. Adamson, R. Laffins, and B. Goins. *Id*.

Plaintiff alleges that on April 4, 2004, Reno Police Department's "Street Enforcement Team" arrested plaintiff before positively identifying the plaintiff and without identifying themselves as undercover officers. *Id*. at 3. Plaintiff asserts that the defendants "tasered" him

multiple times, after which he fell and demanded to see his attorney. *Id*. Plaintiff alleges the defendants then kicked him in his ribs and face while he was handcuffed, and that one officer held him down and beat him severely. *Id*. He further asserts that he was taken to Washoe County Jail where he was denied medical treatment due to the extent of his physical injuries. *Id*. Plaintiff alleges that defendants then brought him to the Washoe Medical Center emergency room where he was treated for "multiple lacerations, a mild contusion to the head, two broken ribs, two chipped, missing or broken teeth, many cuts and bruises along with bleeding from the face, neck and chest." *Id*.

In Count I, plaintiff alleges that detective Keating "unlawfully searched Plaintiff, not just a pat search." *Id*., p.4. Keating moves to dismiss plaintiff's Fourth Amendment unlawful search claim based on a failure to state a claim upon which relief can be granted (#19). In so moving, Keating attaches the following as exhibits to his motion: (1) an arrest warrant issued by Sparks Township for the arrest of plaintiff, dated April 1, 2004 (#19, Ex. A); (2) an arrest report and declaration of probable cause signed by detective Laffin (#19, Ex. B); (3) a Reno Police Department incident report drafted by detective Keating, dated April 2, 2004 (#19, Ex. C); and (4) Sparks Police Department incident and arrest reports drafted by detective Laffin (#19, Ex. D).

## II. DISCUSSION & ANALYSIS

**A. Discussion**

**1. Motion to dismiss for failure to state a claim**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it

must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quoting *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977)). "The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim." *Id.*, quoting *Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir. 1964).

"As a general rule, ' a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (*quoting Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Rule 12 provides

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b)(6). There are two exceptions to the conversion rule. *Lee*, 250 F.3d at 688.

1  The first, which does not apply here, is that "a court may consider 'material which is properly
2  submitted as part of the complaint'" without converting the motion to dismiss to a motion for
3  summary judgment.  *Id.*, *quoting Branch*, 14 F.3d at 453.  Second, under Federal Rule of
4  Evidence 201, a court may take judicial notice of facts outside the pleadings, such as matters of
5  
6  public record, when ruling on a motion to dismiss.  *Lee*, 250 F.3d at 688-89; *see also Mack v.*
7  *South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (*abrogated on other grounds by*
8  *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)); *see also U.S. v. Ritchie*,
9  342 F.3d 903, 908 (9th Cir. 2003).
10  
11      Courts may only take judicial notice of adjudicative facts that are "not subject to
12  reasonable dispute."  *Ritchie*, 342 F.3d at 908-909 (*citing* Fed.R.Evid 201(b)).  "Facts are
13  indisputable, and thus subject to judicial notice, only if they are either 'generally known' under
14  Rule 201(b)(1) or 'capable of accurate and ready determination by resort to sources whose
15  accuracy cannot be reasonably questioned' under Rule 201(b)(2)."  *Id*. at 909.  Courts may take
16  judicial notice of "records and reports of administrative bodies."  *Id*. (*citing Interstate Natural*
17  *Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 382 (9th Cir. 1953)).  However, stating
18  that not all evidence issued by an administrative body "fits within the judicial notice exception,"
19  the Ninth Circuit in *Richie* cited to a Second Circuit case which held that the existence and
20  content of a police report are not properly the subject of judicial notice.  *Ritchie*, 342 F.3d at 909
21  (*citing Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985)).
22  
23      **B. Analysis**
24  
25          **1. Judicial Notice**
26      Keating contends that the court may take judicial notice of the documents attached to his
27  motion to dismiss because they are public records (#19, p. 3, n.1).  Plaintiff argues that Keating
28  

4

may not attach extrinsic evidence to his motion to dismiss without first obtaining permission from the court (#37, pp. 4-5). Keating replies that there is no requirement that he must request the court's permission to attach documents and that the court is capable of determining whether it will take judicial notice of his exhibits (#38, p. 3).

Normally, the court would likely take judicial notice of an arrest warrant because it is a public record, the accuracy of which generally would not reasonably be questioned. Fed.R.Evid. 201(b)(2). However, the plaintiff has questioned the authenticity of a pre-existing arrest warrant by arguing that he was not presented with a warrant upon his arrest and that the warrant was "falsified" (#37, p.2). Plaintiff further contends that upon his arrest, defendants did not charge him with the crimes listed in the warrant; therefore, he concludes, he was not arrested pursuant to the April 1, 2004 warrant.[1] *Id*. The court also notes that a question exists as to the authenticity of Exhibit A – the copy of the arrest warrant submitted by Keating is not a certified copy and Keating has failed to attach an affidavit from the custodian of records swearing to its authenticity. Fed.R.Evid. 902 (2) and (4). Based on this and because plaintiff alleges that the defendant acted unlawfully in *obtaining* the warrant, the court will not take judicial notice of the warrant. *See Henshaw v. Daugherty*, 125 Fed.Appx. 175, 176, 2005 WL 756105, *1 (9th Cir. 2005) (unpublished).

Likewise, the court will not take judicial notice of Keating's incident report (#19, Ex. C). First, the incident report is not authenticated as a certified copy and/or through a record custodian's affidavit. Fed.R.Evid. 902 (2) and (4). Additionally, plaintiff alleges that even if an arrest warrant had been issued prior to his arrest, Keating was not aware of it and, therefore, was

---

[1] Keating's exhibits do set out the charges that were actually filed against the plaintiff; however, the court concludes below that it will not take judicial notice of these exhibits. Therefore, the charges lodged against the plaintiff are not before the court.

5

not arresting him pursuant to a warrant (#37, pp. 2-3). Although Keating's incident report states that the officers were aware of the arrest warrant prior to arresting the plaintiff, *see* #19, Ex. B, Keating attaches no affidavit attesting to this fact. The court can take judicial notice only of facts that are "not subject to reasonable dispute." Fed.R.Evid. 201(b). Since plaintiff disputes the veracity of statements in Keating's police report, the court will not take judicial notice of it.

The court also will not take judicial notice of detective Laffin's incident and arrest reports (#19, Exs. B, D). Again, these documents are not authenticated. Fed.R.Evid. 902. Moreover, as to all of the police reports (#19, Ex. B – D), while administrative reports are usually the proper subject of judicial notice, *see Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 382 (9th Cir. 1953), the Ninth Circuit has inferred that courts should not take judicial notice of police reports. *See U.S. v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("The DEA is an 'administrative body,' but that does not mean that all evidence related to this case – such as the handwriting on an envelope mailed to the DEA – fits within the judicial notice exception. *Cf. Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) (holding that the existence and content of a police report are not properly the subject of judicial notice)"). The court declines to judicially notice any of Keating's exhibits.

**2. Failure to State a Claim**

Having concluded that Keating's exhibits are not the proper subject of judicial notice, the court finds that the only document before it is the plaintiff's complaint (#4). Plaintiff alleges in count I that Keating "unlawfully searched Plaintiff, not just a pat search" (#4, p.4). Keating interprets plaintiff's allegation as a claim that any search of the plaintiff that was greater than a "pat search" for weapons pursuant to *Terry v. Ohio*, 392 U.S. 1, 27 (1968) was unconstitutional, *see* #19, p.1, and argues that his search of the plaintiff was a "search incident to an arrest" and is

6

therefore constitutional. *Id*., p.3. Plaintiff counters that he was shown no arrest warrant when he was arrested, that the officers failed to identify themselves as undercover officers, and that he thought he was being mugged (#37, p. 2). While a full-body search incident to a valid arrest is constitutional, *see U.S. v. Robinson*, 414 U.S. 218, 234 (1973), there is no evidence currently before the court to show that the plaintiff's arrest was valid.

Plaintiff has sufficiently alleged deprivation of his Fourth Amendment rights and that Keating acted under color of state law. *See* #4; *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Construing all of the *pro se* plaintiff's material allegations as true, *see Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994), the court concludes that the plaintiff has stated a claim for an unconstitutional search.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has stated a claim upon which relief may be granted as to his claim against Keating in count I. As such, the court recommends that Keating's motion to dismiss (#19) be DENIED.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

7

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Keating's motion to dismiss (#19) be **DENIED**.

**DATED:** January 25, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**