UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE LEDET, JR. | 3:06-CV-00179-LRH (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| GIBSON, ET AL., | |
| Defendants. | September 5, 2007 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is the motion to dismiss of defendants Goins and Adamson (#50). Plaintiff opposed (#54) and defendants replied (#55). Defendant Gibson and defendants Keating and Laffin joined in defendants Goins and Adamson's motion to dismiss and reply (#52, #53, #56 and #57). The court has thoroughly reviewed the record and the motions and recommends that defendants' motion to dismiss (#50) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Willie Ledet ("plaintiff") is a prisoner at Nevada State Prison ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (#4). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment Right against unlawful search and seizure, his Eighth Amendment right against cruel and unusual punishment, and his Fourteenth Amendment rights to equal protection and due process of law. *Id*. Plaintiff names as defendants Detectives S. Gibson, M. Keating, B. Adamson, R. Laffins, and B. Goins. *Id*.

Plaintiff alleges that on April 4, 2004, Reno Police Department's "Street Enforcement Team" arrested him prior to positively identifying him and without identifying themselves as undercover officers. *Id*. at 3. Plaintiff asserts that defendants "tasered" him multiple times, after

1  which he fell and demanded to see his attorney. *Id*. Plaintiff alleges the defendants then kicked
2  him in his ribs and face while he was handcuffed, and that one officer held him down and beat
3  him severely. *Id*. Plaintiff further asserts that he was taken to Washoe County Jail where he was
4  denied medical treatment due to the extent of his physical injuries. *Id*. Thereafter, defendants
5  took plaintiff to the Washoe Medical Center emergency room where he was treated for "multiple
6  lacerations, a mild contusion to the head, two broken ribs, two chipped, missing or broken teeth,
7  many cuts and bruises along with bleeding from the face, neck and chest." *Id*.

8  The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
9  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
10 of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*
11 *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**II. DISCUSSION & ANALYSIS**

**A. Discussion**

**1. Motion to dismiss standard**

15 When considering a motion to dismiss for failure to state a claim upon which relief can
16 be granted, all material allegations in the complaint are accepted as true and are construed in the
17 light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir.
18 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it
19 must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that
20 would entitle him to relief. *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912
21 F.2d 315, 316 (9th Cir. 1990).

22 To state a claim pursuant to section 1983, plaintiff must allege that (1) defendants
23 subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S.
24 Constitution or U.S. law, and (2) that defendants acted under the color of state law. *West v.*
25 *Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
26 "'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a
27 claim under the Civil Rights Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646,
28 649 (9th Cir. 1984) (*quoting Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977)). "The

1 plaintiff must 'allege with at least some degree of particularity overt acts which defendants
2 engaged in' that support the plaintiff's claim." *Id.*, (*quoting Powell v. Workmen's Compensation
3 Board*, 327 F.2d 131, 137 (2nd Cir. 1964)).

### 2. Statute of Limitations

Section 1983 does not contain a statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000) *citing Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Nevada, the statute of limitations for § 1983 actions is two years. N.R.S. 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert. denied*, 493 U.S. 860 (1989). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204,1206 (9th Cir. 1995) (citation omitted). "In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207 (citation omitted). Pursuant to the "prison mailbox rule," a complaint by a *pro se* prisoner is deemed "filed" when handed by the prisoner to a prison official for mailing. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

### B. Analysis

Defendants argue that plaintiff's complaint is time-barred because it was filed one day after the statute of limitations expired (#50). Defendants cite to a recent Supreme Court case which held that the statute of limitations upon a section 1983 claim seeking damages for false arrest in violation of the plaintiff's Fourth Amendment Rights, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. *Id.*; *see Wallace v. Kato*, 127 S.Ct. 1091 (2007). Plaintiff's position is that he handed his complaint to prison officials for mailing prior to the expiration of the statute of limitations; therefore, it is timely (#54). The court agrees.

The evidence reveals that defendants detained plaintiff on April 2, 2004 (#50, Exhibit B), which means that the two-year statute of limitations expired on April 2, 2006. *Perez v. Seevers*,

3

869 F.2d 425, 426 (9th Cir. 1989); *see also Wallace v. Kato*, 127 S.Ct. 1091 (2007). On April 3, 2006, the Clerk of Court received and filed plaintiff's complaint, which is dated March 27, 2006 (#1). At the time he filed his complaint, plaintiff was incarcerated by NDOC at NSP (#1 and #4). Since plaintiff's complaint arrived at this court on April 3, 2006, it is almost certain that he handed it to prison officials for mailing, at the latest, by April 2, 2006. The court finds that the plaintiff's complaint was timely filed.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's complaint was timely filed. As such, the court recommends that defendants' motion to dismiss (#50) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#50) be **DENIED**.

**DATED:** September 4, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**