**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FILED                   SERVED ON
ENTERED          COUNSEL PARTIES OF RECORD

SEP 28 2007

| | |
|---|---|
| WILLIE LEDET, JR. | ) |
| Plaintiff, | ) 3:06-CV-00179-LRH (VPC) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF U.S. MAGISTRATE JUDGE** |
| GIBSON, ET AL., | ) |
| Defendants. | ) September 28, 2007 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant Mike Keating's ("Keating") motion for partial summary judgment (#62). Plaintiff opposed (#66) and Keating replied (#68). The court has thoroughly reviewed the record and the motions and recommends that Keating's motion for partial summary judgment (#62) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Willie Ledet ("plaintiff") is a prisoner at Nevada State Prison ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (#4). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment right against unlawful search and seizure, his Eighth Amendment right against cruel and unusual punishment, and his Fourteenth Amendment rights to equal protection and due process of law. *Id.* Plaintiff names as defendants Detectives S. Gibson, M. Keating, B. Adamson, R. Laffins, and B. Goins. *Id.*

Plaintiff alleges that on April 4, 2004, Reno Police Department's "Street Enforcement Team" arrested him prior to positively identifying him and without identifying themselves as undercover officers. *Id.* Plaintiff asserts that defendants "tasered" him multiple times, after which he fell and demanded to see his attorney. *Id.* Plaintiff alleges the defendants then kicked him in his ribs and face while he was handcuffed, and that one officer held him down and beat

1  him severely. *Id*. Plaintiff further asserts that he was taken to Washoe County Jail where he was

2  denied medical treatment due to the extent of his physical injuries. *Id*. Thereafter, defendants

3  took plaintiff to the Washoe Medical Center emergency room where he was treated for "multiple

4  lacerations, a mild contusion to the head, two broken ribs, two chipped, missing or broken teeth,

5  many cuts and bruises along with bleeding from the face, neck and chest." *Id*. In Count I,

6  plaintiff alleges that Keating "unlawfully searched Plaintiff, not just a pat search." *Id*., p.4.

7  Keating moves for partial summary judgment as to plaintiff's Fourth Amendment unlawful search

8  claim (#62).

9       The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff

10  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit

11  of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*

12  *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

13                              **II. DISCUSSION & ANALYSIS**

14       **A. Discussion**

15           **1. Summary Judgment Standard**

16       Summary judgment allows courts to avoid unnecessary trials where no material factual

17  disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th

18  Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in

19  dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C).

20  In deciding whether to grant summary judgment, the court must view all evidence and any

21  inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi*

22  *v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

23                  [d]istinguish between evidence of disputed facts and disputed
                    matters of professional judgment. In respect to the latter, our
24                  inferences must accord deference to the views of prison
                    authorities. Unless a prisoner can point to sufficient evidence
25                  regarding such issues of judgment to allow him to prevail on the
                    merits, he cannot prevail at the summary judgment stage.
26
    *Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ
27
    on the material facts at issue, however, summary judgment should not be granted. *Anderson v.*
28

                                          2

1    *Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

2      The moving party bears the burden of informing the court of the basis for its motion, and

3 submitting evidence which demonstrates the absence of any genuine issue of material fact.

4 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden,

5 the party opposing the motion may not rest upon mere allegations or denials in the pleadings but

6 must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477

7 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for

8 discovery, against a party who fails to make a showing sufficient to establish the existence of an

9 element essential to that party's case, and on which that party will bear the burden of proof at

10 trial. *Celotex*, 477 U.S. at 322-23.

11    **B. Analysis**

12      Plaintiff's main assertion is that Keating's April 2, 2004 search during plaintiff's arrest

13 was unlawful because the outstanding warrant for plaintiff's arrest was invalid for lack of

14 probable cause, or alternatively, that no outstanding arrest warrant actually existed on April 2,

15 2004 (#66). However, the court need not reach these issues, because the court concludes that

16 plaintiff's unlawful search claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

17      In *Heck*, the Court held that

18          [i]n order to recover damages for allegedly unconstitutional
conviction or imprisonment, or for other harm caused by actions
19          whose unlawfulness would render a conviction or sentence
invalid, a § 1983 plaintiff must prove that the conviction or
20          sentence has been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal authorized to
21          make such determination, or called into question by a federal
court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A
22          claim for damages bearing that relationship to a conviction or
sentence that has *not* been so invalidated is not cognizable under
23          § 1983. Thus, when a state prisoner seeks damages in a § 1983
suit, the district court must consider whether a judgment in favor
24          of the plaintiff would necessarily imply the invalidity of his
conviction or sentence; if it would, the complaint must be
25          dismissed unless the plaintiff can demonstrate that the conviction
or sentence has already been invalidated.

26

27 *Id.* at 486-87. There is a "strong judicial policy against the creation of two conflicting resolutions

28 arising out of the same or identical transaction." *Id.* at 485; *see also Guerrero v. Gates*, 442 F.3d

3

697, 703-04 (9th Cir. 2006). The Court recently reaffirmed the holding in *Heck*, stating

> [t]hese cases, taken together, indicate that a state prisoner's § 1983
> action is barred (absent prior invalidation)- no matter the relief
> sought (damages or equitable relief), no matter the target of the
> prisoner's suit (state conduct leading to a conviction or internal
> prison proceedings)- *if* success in that action would necessarily
> demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (emphasis in original).

Defendant's evidence reveals that on April 2, 2004, defendants arrested plaintiff in the parking lot of the Sands Casino in Reno. *Id.*, Exhibit B. It is clear that defendants "tasered" plaintiff at least three times in the course of the arrest, although the parties dispute whether this force was necessary and how much additional forced may have been used. *Id.* Keating searched plaintiff during the arrest and located 12.2 grams of methamphetamine in his pants pocket. *Id.* After plaintiff's arrest, defendants booked him on charges of trafficking a controlled substance, possession of a controlled substance for sale, possession of a controlled substance, and obstructing a police officer and resisting arrest (#62, Exhibit D). On September 2, 2004, plaintiff was sentenced to time in prison and monetary fines after a jury convicted him of the crime of possession of a trafficking quantity of a controlled substance. *Id.*, Exhibit H; *see also* Exhibit B, COS000163. It is clear from the evidence that this conviction was based on the evidence Keating located in plaintiff's pocket during the April 2, 2004 search.

Keating contends that had the search been unconstitutional, the evidence likely would have been suppressed at plaintiff's criminal trial (#62). Keating argues that plaintiff may not maintain a section 1983 action if the alleged harm – the unconstitutional search – would render plaintiff's conviction invalid. *Id.* Keating further maintains that plaintiff cannot prove injury here, because the Court in *Heck* held that a conviction is not an "injury" for the purposes of section 1983. *Id.*

Plaintiff claims that he is not attempting to overturn his conviction through this section 1983 action, and that therefore, the *Heck* doctrine does not apply (#66).

Plaintiff need not affirmatively challenge his conviction; all that is required is "a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose

4

1  successful prosecution would necessarily imply that the plaintiff's criminal conviction was

2  wrongful." *Heck*, 512 U.S. at 487, n. 6. Such is the case here. A jury convicted plaintiff of

3  possession of a trafficking quantity of a controlled substance based on the methamphetamine

4  defendant Keating located in plaintiff's pants pocket on April 2, 2004. If the court agrees that the

5  April 2 search was unlawful, then the evidence Keating found in plaintiff's pocket should not

6  have been presented at plaintiff's criminal trial. Therefore, any finding that the search was

7  unlawful would "necessarily imply the invalidity of [plaintiff's] conviction or sentence." *Id.* at

8  487.

9      Moreover, even if the court assumes that plaintiff's successful section 1983 action "would

10  not *necessarily* imply that the plaintiff's conviction was unlawful," plaintiff would still be

11  required to prove "not only that the search was unlawful, but that it caused him actual,

12  compensable injury." *Heck*, 512 U.S. at 487, n. 7. However, "actual, compensable injury... does

13  *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been

14  overturned)." *Id.* Plaintiff has not provided evidence that his conviction has been overturned.

15  Moreover, plaintiff has not identified, nor does the court see, any actual or compensable injury.

16  The court concludes that plaintiff's unlawful search claim is barred by the *Heck* doctrine.

17                        **III. CONCLUSION**

18      Based on the foregoing and for good cause appearing, the court concludes that plaintiff's

19  unlawful search claim in count I violates the *Heck* doctrine. As such, the court recommends that

20  Keating's motion for partial summary judgment (#62) be **GRANTED**.

21      The parties are advised:

22      1.   Pursuant to 28 U.S.C. § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice,

23  the parties may file specific written objections to this report and recommendation within ten days

24  of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

25  Recommendation" and should be accompanied by points and authorities for consideration by the

26  District Court.

27      2.   This report and recommendation is not an appealable order and any notice of appeal

28  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Keating's motion for partial summary judgment (#62) be **GRANTED**.

**DATED:** September 28, 2007.

UNITED STATES MAGISTRATE JUDGE