1

2             **UNITED STATES DISTRICT COURT**

3                  **DISTRICT OF NEVADA**

4

5   WILLIE LEDET, JR.                    )
                                         )        3:06-CV-00179-LRH (VPC)
6             Plaintiff,                 )
                                         )
7        vs.                             )        **REPORT AND RECOMMENDATION**
                                         )        **OF U.S. MAGISTRATE JUDGE**
8   GIBSON, ET AL.,                      )
                                         )
9             Defendants.               )        November 27, 2007
    _____)

10

11          This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

12   District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

13   U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants Keating and Laffins' motion

14   for partial summary judgment (#64).  Plaintiff failed to file an opposition.  The court has

15   thoroughly reviewed the record and the motions and recommends that defendants' motion for

16   partial summary judgment (#64) be granted.

17                 **I.  HISTORY & PROCEDURAL BACKGROUND**

18          Plaintiff Willie Ledet ("plaintiff"), acting *in pro se*, is a former prisoner at Nevada State

19   Prison ("NSP") (#4).  Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging

20   violations of his Fourth Amendment right against unlawful search and seizure, his Eighth

21   Amendment right against cruel and unusual punishment, and his Fourteenth Amendment rights

22   to equal protection and due process of law.  *Id.*  Plaintiff names as defendants Detectives S.

23   Gibson, M. Keating, B. Adamson, R. Laffins, and B. Goins.  *Id.*

24          Plaintiff alleges that on April 4, 2004, Reno Police Department's "Street Enforcement

25   Team" illegally arrested him.  *Id.* at 3.  In count III, plaintiff claims that during the arrest,

26   defendant Gibson "tasered" plaintiff multiple times after he was already handcuffed and on the

27   ground.  *Id.* at 5.  Plaintiff further alleges that defendants Adamson and Laffins held him down,

28   after which defendant Adamson kicked him multiple times in his face, chest and back area.  *Id.*

1   Plaintiff alleges that the other officers at the scene failed to intervene to prevent this excessive

2   use of force. *Id.* Plaintiff claims that he was treated for "multiple lacerations, a mild contusion

3   to the head, two broken ribs, two chipped, missing or broken teeth, many cuts and bruises along

4   with bleeding from the face, neck and chest." *Id.* at 3a. Finally, plaintiff alleges that his injuries

5   resulted from "the officers acting in concert to sadistically entertain the beating to plaintiff."[1] *Id.*

6   at 3a.

7          Defendant Keating filed a motion for partial summary judgment as to the unreasonable

8   search issue on April 27, 2007 (#62).[2] Three days later, on April 30, 2007, defendants Keating

9   and Laffins filed a motion for partial summary judgment as to the unreasonable force issue (#64).

10  The court issued *Klingele* orders on April 30, 2007 (#63) and May 1, 2007 (#65), respectively.

11  On May 21, 2007, plaintiff filed an opposition to defendant Keating's motion as to the

12  unreasonable search issue (#66); however, plaintiff failed to file an opposition to defendants

13  Keating and Laffins' motion as to the excessive force issue. Based on the facial similarity of the

14  two motions, this court assumed the *pro se* plaintiff mistook the two motions for one, and on

15  August 23, 2007, *sua sponte* granted plaintiff an extension of time with which to file an

16  opposition to docket number 64 (#79). On September 12, 2007, the order was returned as

17  "undeliverable" and stamped "paroled" (#82). Thereafter, other orders have been returned as

18  "undeliverable" and stamped "paroled." *See* #81, #84, #86, #89, and #91.

19         The Local Rules of Special Proceedings and Appeals, which pertain to prisoner cases,

20  state, "The plaintiff shall immediately file with the court written notification of any change of

21  address. The notification must include proof of service upon each opposing party or the party's

22  attorney. Failure to comply with this rule may result in dismissal of the action with prejudice."

23  LSR 2-2. To date, plaintiff has failed to notify the court of a forwarding address and has failed

24

25       [1] Plaintiff also makes general allegations in the "defendants" section of his complaint that defendant

26  Keating failed to "stop the acts as acting in concert," and that defendant Laffins "also held plaintiff's legs
    still while other defendants kicked plaintiff." *Id.* at 2.

27

28       [2] This court granted defendant Keating's motion in its September 28, 2007 report and
    recommendation (#83), which the District Court adopted and accepted on October 29, 2007 (#88).

1  to file an opposition. The court submits defendants Keating and Laffins' motion for partial

2  summary judgment (#64) unopposed.

3      The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff

4  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit

5  of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*

6  *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

10     Summary judgment allows courts to avoid unnecessary trials where no material factual

11  disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th

12  Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in

13  dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C).

14  In deciding whether to grant summary judgment, the court must view all evidence and any

15  inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi*

16  *v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

17           [d]istinguish between evidence of disputed facts and disputed
          matters of professional judgment. In respect to the latter, our
18        inferences must accord deference to the views of prison
          authorities. Unless a prisoner can point to sufficient evidence
19        regarding such issues of judgment to allow him to prevail on the
          merits, he cannot prevail at the summary judgment stage.

20  *Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ

21  on the material facts at issue, however, summary judgment should not be granted. *Anderson v.*

22  *Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

23     The moving party bears the burden of informing the court of the basis for its motion, and

24  submitting evidence which demonstrates the absence of any genuine issue of material fact.

25  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden,

26  the party opposing the motion may not rest upon mere allegations or denials in the pleadings but

27  must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477

28

3

1  U.S. at 248.  Rule 56(c) mandates the entry of summary judgment, after adequate time for

2  discovery, against a party who fails to make a showing sufficient to establish the existence of an

3  element essential to that party's case, and on which that party will bear the burden of proof at

4  trial.  *Celotex*, 477 U.S. at 322-23.

5  **2. Local Rule 7-2**

6  Rule 7-2 of the Local Rules of Practice for the District of Nevada states "The failure of

7  an opposing party to file points and authorities in response to any motion shall constitute a

8  consent to the granting of the motion." L.R. 7-2(d).  In the *Klingele* order the court sent plaintiff,

9  the court stated:

10  If the nonmoving party fails to oppose the motion within fifteen
   (15) days, or if the non-moving party fails to submit evidence
11  supporting its opposition, and if the motion for summary judgment
   has merit, that failure to file points and authorities in response to
12  any motion shall constitute a consent to the granting of the motion.
   Local Rule 7-2(d).  The court may then grant the motion and enter
13  judgment.  Local Rule 7-2(d).

14  (#65).

15  **B.  Analysis**

16  **1. Defendant Laffins's Personal Participation**

17  Defendant Laffins first claims that plaintiff fails to sufficiently allege that Laffins

18  personally used unreasonable force against plaintiff (#64, p. 4).

19  A claim that officers used unreasonable force in the course of making an arrest is analyzed

20  under the Fourth Amendment's "objective reasonableness" standard.  *Graham v. Conner*, 490

21  U.S. 386, 395 (1989).  "The "reasonableness" of a particular use of force must be judged from

22  the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

23  hindsight." *Id.* at 396.  "Not every push or shove, even if it may later seem unnecessary in the

24  peace of a judge's chambers" will violate the Fourth Amendment.  *Id.*  The Fourth Amendment

25  analysis requires the court to "'first assess the quantum of force used to arrest [the plaintiff]' and

26  then 'measure the governmental interests at stake by evaluating a range of factors.'" *Davis v. City*

27  *of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (*citing Deorle v. Rutherford*, 272 F.3d 1272,

28  1279-80 (9th Cir. 2001)).

1    In assessing whether the force used was excessive, the court looks at the "severity" of the

2  force applied. *Tekle ex rel. Tekle v. U.S.*, 457 F.3d 1088, 1094 (9th Cir. 2006). The amount of

3  force used is "permissible only when a strong governmental interest *compels* the employment of

4  such force." *Id.* (citations omitted). The court must also look at the governmental "need" for the

5  force using the following factors: "'(1) the severity of the crime at issue, (2) whether the suspect

6  poses an immediate threat to the safety of the officers or others, and (3) whether he is actively

7  resisting arrest or attempting to evade arrest by flight.'" *Davis*, 478 F.3d at 1054 (*citing Graham*,

8  490 U.S. at 396). Courts may also consider "the availability of methods of capturing or subduing

9  a suspect." *Id.*

10    Balancing the force used against the need for the force

11        [r]equires careful attention to the facts and circumstances of each
         particular case and a careful balancing of an individual's liberty
12       with the government's interest in the application of force. Because
         such balancing nearly always requires a jury to sift through
13       disputed factual contentions, and to draw inferences therefrom, we
         have held on many occasions that summary judgment or judgment
14       as a matter of law in excessive force cases should be granted
         sparingly. This is because police misconduct cases almost always
15       turn on a jury's credibility determinations.

16  *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002).

17    Laffins filed an affidavit stating that upon plaintiff's arrest, plaintiff attempted to flee from

18  officers (#64, Exhibit A, ¶ 9). Defendant Gibson employed a taser, and plaintiff fell to the ground

19  on his stomach. *Id.* Defendant Laffins states that plaintiff was "vigorously struggling with other

20  Police Officers and Detectives to prevent being handcuffed, and his resistence was so significant

21  that I held his legs down so other officers could handcuff him." *Id.* Because plaintiff was

22  fighting the officers, plaintiff was warned and then tasered two more times until he was physically

23  restrained. *Id.* Laffins affirms that he never saw an officer employ excessive force against

24  plaintiff, and that any force used was "no greater than the level necessary to overcome Ledet's

25  efforts to prevent his arrest." *Id.* at ¶ 10. Laffins further states that neither he nor the other

26  officers kicked, punched or struck plaintiff, and that he never observed plaintiff bleeding except

27  from when he fell while attempting to flee. *Id.* at ¶¶ 10-11.

28    Plaintiff's sole allegation with regard to defendant Laffins *personally* using excessive or

5

1  unreasonable force on plaintiff is that Laffins held down plaintiff's legs while other officers beat

2  him (#4, pp. 2 and 6).  Liability under section 1983 arises only upon a showing of personal

3  participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As set out

4  above, plaintiff was given ample opportunity to respond.  In fact, seeing as this is an excessive

5  force case and there are generally disputed factual contentions such that summary judgment

6  "should be granted sparingly," *see Santos*, 287 F.3d at 853, this court delayed issuing an order on

7  this motion in the event that plaintiff would file with the court his new address and an opposition

8  to defendants' motion.  However, plaintiff has not done so.  It is not this court's function to sort

9  through all the filings in this case an create an issue of fact for plaintiff.

10  As such, the court concludes that it is undisputed that defendant Laffins used only the

11  amount of force necessary to restrain plaintiff as he was attempting to resist arrest.  Pursuant to

12  the local rules, the court assumes plaintiff concurs with defendants' arguments.  L.R. 7-2(d).  For

13  the aforementioned reasons and because defendants' motion has merit, the court grants defendant

14  Laffins' motion for summary judgment as to personally using excessive force on plaintiff.

15  ### 2. Defendant Keating's Personal Participation

16  Defendant Keating argues that plaintiff makes no allegations in his complaint that Keating

17  personally used excessive force on plaintiff (#64, p. 4).  The court agrees.  Even viewing

18  plaintiff's complaint liberally as the court should for a *pro se* plaintiff, plaintiff's claims against

19  Keating are limited to the illegal search allegation, and the allegation that Keating failed to stop

20  other officers from using excessive force on plaintiff (#4, pp. 2 and 6).[3]  Nowhere has plaintiff

21  alleged that defendant Keating personally employed excessive force against plaintiff.

22  The court concludes that defendant Keating's motion for partial summary judgment has

23  merit and that plaintiff's failure to file points and authorities in response to defendant Keating's

24  motion constitutes his consent to the granting of the motion.  L.R. 7-2(d).  Based on these

25  considerations, the court grants defendant Keating's motion for partial summary judgment as to

26

27

28

---

[3] The illegal search allegation has been dismissed. *See* #83 and #88.  The court addresses the failure to intervene to prevent or stop the excessive use of force allegation below.

1    the claim that Keating personally acted to employ unreasonable force against plaintiff.

2                     **3. Failure to Prevent Excessive Force**

3          Defendants argue that because they did not see other officers employ excessive force

4    against plaintiff, they cannot be liable for failing to prevent or stop such force (#64, p. 5).

5          In *United States v. Koon*, defendants were criminally charged with failing to prevent the

6    excessive force inflicted by other officers. *United States v. Koon*, 34 F.3d 1416 (9th Cir. 1994)

7    *(vacated in part on other grounds by Koon v. United States*, 518 U.S. 81 (1996)). The Ninth

8    Circuit noted that "pursuant to a long line of civil cases, police officers have a duty to intercede

9    when their fellow officers violate the constitutional rights of a suspect or other citizen." *Id.* at

10   n.25 *(citing O 'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d 1988); *Byrd v. Clark*, 783 F.2d 1002, 1007

11   (11th Cir. 1986); *Bruner v. Dunaway*, 684 F.2d 422, 425-26 (6th Cir. 1982), *cert. denied*, 459

12   U.S. 1171 (1983); *Putnam v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981); *Bryd v. Brishke*, 466

13   F.2d 6 (7th Cir. 1972)). The court went on to say,

14                   [i]n these cases, the constitutional right violated by the passive
                     defendant is analytically the same as the right violated by the
15                   person who strikes the blows. Thus an officer who failed to
                     intercede when his colleagues were depriving a victim of his
16                   Fourth Amendment right to be free from unreasonable force in the
                     course of an arrest, would, like his colleagues, be responsible for
17                   subjecting the victim to a deprivation of his Fourth Amendment
                     rights.
18
     *Id.*; *see also United States v. Reese*, 2 F.3d 870, 884 & n.20, 888-89 & n.24 (9th Cir. 1993)
19
     (holding that defendant could be found criminally liable for failing to act to prevent excessive
20
     force and noting that many other Circuit courts had recognized this right to protection in civil
21
     cases). Where the state has created or assumed a custodial relationship with a citizen, the state
22
     may have "a constitutional duty to protect those persons in its custody 'whom [it] knows to be
23
     under specific risk of harm from themselves or others in the state's custody or subject to its
24
     effective control.'" *Ting v. U.S.*, 927 F.2d 1504, 1511 (9th Cir. 1991).
25
           Defendants affirm that they did not see any officer employ excessive force against
26
     plaintiff, including by kicking, punching or striking him with any part of their bodies or with any
27
     tools or weapons (#64, Exhibit A, ¶ 10; *see id.*, Exhibit B, ¶7). This evidence is unopposed.
28

                                               7

1   Pursuant to the local rules, plaintiff's failure to oppose defendants' motion constitutes his consent

2   to the granting of the motion.   L.R. 7-2(d).   Based on these considerations and because

3   defendants' motion has merit, the court grants defendants' motion for partial summary judgment

4   as to the claim that Laffins and Keating failed to prevent other officers from employing excessive

5   force against plaintiff during his arrest.

6   **4. Conspiracy**

7           Although plaintiff did not specifically allege a conspiracy pursuant to 42 U.S.C. § 1985,

8   the court construes a conspiracy claim based on plaintiff's claims that the officers all "acted in

9   concert" in failing to prevent the alleged excessive force.   *See* #4, p. 2 ("Defendant Keating

10  unlawfully searched plaintiff nor [sic] tried to stop the acts as acting in concert); *see also id.* at

11  3a (plaintiff claims his injuries resulted "from the officers acting in concert to sadistically

12  entertain the beating to plaintiff").

13          To establish a conspiracy claim pursuant to 42 U.S.C. § 1985(3), a plaintiff must prove:

14  (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person of equal

15  protection of the law, or of equal privileges and immunities under the law, (3) an act in

16  furtherance of the conspiracy, and (4) that the plaintiff was injured in his person or property, or

17  that the plaintiff was deprived of any right or privilege of a citizen of the United States. *Sever v.*

18  *Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Plaintiff must prove that the deprivation

19  of a protected right was motivated by some racial, or otherwise class-based, invidious

20  discriminatory animus. *Id.*; *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263,

21  267-68 (1993).   Finally, allegations of a conspiracy must be supported by specific factual

22  allegations to establish a claim. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621,

23  626 (9th Cir. 1988).

24          Plaintiff has failed to meet his burden of demonstrating a conspiracy because his

25  allegations are vague and conclusory. Moreover, plaintiff has alleged no racial or otherwise class-

26  based invidious discriminatory animus behind defendants' conduct.   The court grants summary

27  judgment as to any and all conspiracy claims plaintiff attempts to bring in his complaint.

28  ///

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that:

- It is undisputed that defendant Laffins employed reasonable force in holding plaintiff's legs while plaintiff was resisting arrest and officers were attempting to restrain plaintiff;

- Plaintiff fails to allege that defendant Keating personally acted to use excessive force against plaintiff;

- It is undisputed that defendants' Keating and Laffins did not witness other officers using excessive force against plaintiff; therefore, defendants did not fail to intervene to stop the use of excessive force; and

- Plaintiff failed to allege racial or class-based discrimination and failed to include specific factual allegations in his complaint to support a conspiracy claim.

As such, the court recommends that defendants Keating and Laffins' motion for partial summary judgment (#64)be **GRANTED**.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants Keating and Laffins' motion for partial summary judgment (#64) be **GRANTED**.

**DATED:** November 27, 2007.

**UNITED STATES MAGISTRATE JUDGE**

9